DULANY FOODS, INC., a Maryland corporation, and United Foods, Inc., a Texas corporation, Defendants and Cross Claimants Below, Appellants,

v.

Carl SYTNIK, Plaintiff Below, Appellee,

and

Green Giant Company, Cross Defendant Below, Appellee.

Carl SYTNIK, Plaintiff Below, Appellee and Cross Appellant,

v.

DULANY FOODS, INC., a Maryland corporation, and United Foods, Inc., a Texas corporation, Defendants Below, Appellants and Cross Appellees.

Supreme Court of Delaware.

Nov. 9, 1970.

Howard Handelman, and William T. Lynam, of Bayard, Brill & Handelman, Wilmington, for appellee (plaintiff).

Jackson W. Raysor, of Tunnell & Raysor, Georgetown, for Dulany Foods, Inc., and United Foods, Inc., appellants (defendants and cross claimants).

Richard L. Sutton, of Morris, Nichols, Arsht & Tunnell, Wilmington, for Green Giant Co., appellee (cross defendant).

WOLCOTT, C. J., CAREY, J., and DUFFY, Chancellor, sitting.

DUFFY, Chancellor:

This appeal (and cross appeal) brings up for review a money judgment awarded by the Superior Court for breach of contract.

The findings and conclusions of the Court below are stated in an unreported but full opinion. We have examined the findings and the inferences drawn from

them and we have reviewed the record. While our analysis differs somewhat from that of the Trial Court, we agree with its conclusions and, accordingly, the judgment will be affirmed, with but few comments.

### A.

In this Court United Foods, Inc. (and Dulany Foods, Inc.) argues that the Superior Court committed error in finding that Dulany represented that the capacity of its plant was sufficient for all carrots produced on plaintiff's one hundred twenty-three acres.[1] The Court did not find an express representation outside the agreement. Its finding of "representation" was based, rather, on what was contained in the contract itself and the conduct of the parties under it. As we see it, the Court construed that portion of the contract by which the Company agreed "to continue the operation at a normal rate until the pack is completed." Implicitly, the Court found that in making the agreement the parties contemplated completion of the pack by November 30. And in its brief here, United (Dulany) states that " * * * it is logical to assume that Green Giant [Dulany] anticipated that it could process all of the plaintiff's carrots within the normal packing season from November 1 to November 30 or shortly thereafter."

It is the failure to perform what Dulany anticipated it could do (and which it contracted to do) that is the basis of liability. The failure to perform is traceable, not to an inability to continue the operation at a normal pack rate (for any excusable reason under the contract), but because production exceeded the pack budget for carrots (i. e., a certain designated number of pounds) determined by Green Giant.[2] Liability was fixed by the Trial Court for failure to complete the pack (of a high but not maximum harvest) within the period Dulany itself anticipated.[3]

▪ Under the agreement Dulany had title to the carrots, it told plaintiff when he could begin harvesting, it limited the quantities which he could deliver to the plant, it told him that he could not sell any of his production to third persons, and even as harvesting began, its agent who negotiated the contract knew that production appeared to be in the 34-ton-per-acre range. Under those circumstances the finding for plaintiff by the Trial Court was quite correct.

### B.

As to plaintiff's appeal, he argues that he was misled to his detriment in presenting evidence of damages because he relied on the pretrial stipulation and it eliminated the need for evidence on the point.[4]

▪ The Trial Court considered the stipulation to be ambiguous and we agree that it is, at least as applied to damages. Evidence was therefore pertinent and the Court was right in considering the issue as one calling for decision. Its opinion demonstrates the reasonableness of the result reached in terms of the yield shown by the evidence.

We are, however, concerned about plaintiff's general charge of unfairness because he regarded the yield issue as settled by the pretrial stipulation and therefore not to

---

1. Paragraph C(6) provides that:
   " * * * no representations, oral or written, shall be binding upon either of the parties hereto unless contained herein."

2. United argues that in prior years plaintiff's contract was related to the Company's pack budget but it was not in 1967. But the record shows that the Company, internally, related processing to the budget.

3. As to yield, there is evidence to show that Mr. Starkey, who signed the contract for the Company, measured the yield and found 34 tons per acre after only two or three acres had been harvested. Through him Dulaney had at least some notice of an extraordinary yield at the very beginning of the harvest.

4. The stipulation states: "Plaintiff's yield of carrots is also admitted."

be litigated. On remand plaintiff may apply to the Trial Court for rehearing on this issue. Rehearing may be granted only if the Court finds that evidence on the issue was available to plaintiff at the time of trial, that it was not offered by plaintiff, and that it would have been offered but for his reliance upon the stipulation as precluding proof on the point.

## C.

Turning to United's argument that Dulany was but an instrumentality of Green Giant, we find it to be without merit. It is sufficient to say that the formalities on separateness were observed and none of the ordinary reasons for piercing the corporate veil are present. See Pauley Petroleum, Inc. v. Continental Oil Company, Del.Supr., 239 A.2d 629, 633 (1968). As to United's argument that any obligation owed plaintiff was not incurred in the ordinary course of Dulany's business, we agree with the findings and conclusions stated by the Trial Court. Accordingly, its judgment in favor of Green Giant on the cross claim will be affirmed.